# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 2:13-00153-KD-N |
| ) | |
| WILLIE EDWARD BROOKS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Previously, this Court entered an Order whereby defendant Willie Edward Brooks was sent for evaluation by the Federal Bureau of Prisons (BOP) for a determination as to whether he has a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and for a determination whether at the time of the offense he was unable to appreciate the nature and quality or the wrongfulness of his acts. (Doc. 27) A psychiatric report was received wherein the examiner gave a preliminary opinion that "the available information does not indicate [Brooks] was rendered incapable of appreciating the nature, quality, or wrongfulness of his alleged behavior." (Doc. 34, p. 26, Sealed) However, as to competency to stand trial, the examiner found that Brooks suffered from a major mental disorder, specifically Intellectual Disability, Mild (formerly Mental Retardation) but his intellectual functioning was not so low as to automatically preclude competency to stand trial. The examiner found that it would be premature to definitively pronounce that Brooks was both incompetent to stand trial and unable to be restored to competency and recommended that Brooks be committed for treatment for restoration to competency. A competency hearing was held April 24, 2014, and

after receipt of the evidence, this Court committed Brooks for hospitalization and treatment for a period not to exceed four months in an attempt to restore his competency (doc. 39).

At the end of the examination period, Brooks was returned to this district and the Court received a Forensic Evaluation wherein the examining psychologist found that "[a]lthough the determination of Mr. Brooks' current competency and need for further restoration is ultimately a decision for the Court, it is the evaluator's opinion [Brooks'] cognitive deficits are unlikely to improve with further intervention to a sufficient degree to render him competent to proceed to trial in the foreseeable future." (Doc. 48, Sealed) The Warden summarized the opinion of the examining psychologists as follows" "It is our opinion that Mr. Brooks is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense, nor is there a substantial probability that his competency will be restored in the foreseeable future." (Id.)

On December 3, 2014, the Court held a competency hearing. The findings and opinions contained in the Forensic Evaluations (docs. 48, 34) were the only evidence offered by the parties regarding Brooks' competency. Upon consideration, the Court adopts the opinions of the Bureau of Prisons and finds by a preponderance of the evidence that Brooks is not competent to stand trial and not restorable. The "Due Process Clause of the Fifth Amendment prohibits the Government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (citing *Pate v. Robinson*, 383 U.S. 375, 378, 86 S. Ct. 836, 15 L.Ed.2d 815 (1966)). Accordingly, the indictment is dismissed.

Because the Court has determined that Brooks is incompetent and not restorable, Brooks is now subject to the provisions of 18 U.S.C. § 4246. *See* 18 U.S.C. § 4241(d) ("If, at the end of

the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of section[] 4246 [.]") Pursuant to that section,

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. . . .

18 U.S.C. § 4246(a).

Since Brooks is a person "against whom all criminal charges have been dismissed solely for reasons related to [his] mental condition", the Court finds that a certification from the Bureau of Prisons as to the dangerousness of his release is necessary. Accordingly, Brooks is committed to the custody of the Attorney General, who shall hospitalize him for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, *see* 18 U.S.C. § 4241(d)(1), to determine whether he "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available". 18 U.S.C. § 4246(a)

When the Director of the facility in which Brooks is hospitalized pursuant to this Order makes this determination, the Director shall promptly file a certificate to that effect with the Clerk of this Court and the Clerk shall send a copy of the certificate to Brooks' counsel and to counsel for the Government. "A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section." 18 U.S.C. § 4246(a).

3

Thereafter, this Court will schedule a hearing pursuant to 18 U.S.C. § 4246(a) [1] and § 4246(c)[2] to determine, by "clear and convincing evidence", whether Brooks' "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" 18 U.S.C. § 4246(d).

The United States Marshal is DIRECTED to expedite Brooks' transfer to the medical facility and to notify the Clerk of Court immediately upon his return to the Southern District of Alabama. Further, the Court recommends that Brooks be hospitalized for treatment in a facility as close as possible to the state of Alabama.

**DONE** and **ORDERED** this 4th day of December 2014.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] "The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section." 18 U.S.C. § 4246(a).

[2] "The hearing shall be conducted pursuant to the provisions of section 4247(d)" 18 U.S.C. § 4246(c).